IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03277-GPG

AKEEM MAKEEN,

    Plaintiff,

v.

THE WATERFORD ON PIEDMENT APARTMENTS,

    Defendant.

---

ORDER TRANSFERRING CASE

---

    Plaintiff, Akeem Makeen, resides in Denver, Colorado. Mr. Makeen initiated this action by filing *pro se* a Complaint (ECF No. 1), asserting a claim against the Defendant for violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq.*, as well as a state law tort claim. He alleges that Defendant is located in Atlanta, Georgia, is incorporated in Georgia, and has its principal place of business in Georgia. (ECF No. 1 at 3-4).

    On November 20, 2019, Magistrate Judge Gordon P. Gallagher ordered Mr. Makeen to show cause why this action should not be dismissed or transferred because venue is not proper in the District of Colorado. (ECF No. 4). On December 11, 2019, Mr. Makeen filed a "Motion to Transfer Case Pursuant to Section 1404(A)." (ECF No. 5). Plaintiff asks that this action be transferred to the District Court for the Northern District of Georgia. (*Id.*).

    The general federal venue statute provides that a civil action may be brought in:

        (1) a judicial district in which any defendant resides, if all

> defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   If venue is not proper, the Court may cure the defect *sua sponte* pursuant to 28 U.S.C. § 1406(a).   *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).   Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that venue is not proper in the District of Colorado.   Mr. Makeen allege that the Defendant has its principal place of business in Atlanta, Georgia, and that the events or omissions that give rise to his claims occurred in Atlanta, Georgia. There is no indication that the ADA claims cannot be brought in Georgia.   Therefore, pursuant to § 1406(a), the Court must either dismiss the case or, if it is in the interests of justice, transfer the case to a federal court in Georgia.

The Court finds that it would be in the interests of justice to transfer this case to a federal court in Georgia rather than to dismiss it.   Therefore, the Court will transfer the action to the United States District Court for the Northern District of Georgia, the judicial district in which Atlanta is located. *See* 28 U.S.C. § 90(a).   Accordingly, it is

ORDERED that the clerk of the Court is directed to transfer this action to the

United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 90(a).

DATED December 16, 2019, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

\#
\#